IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

v.                             : Criminal Case No. DKC 14-0230-002

CORNELIUS MAURICE JACKSON      :

**MEMORANDUM OPINION**

Cornelius Maurice Jackson is serving a 132-month sentence, imposed in 2015, for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. His current projected release date is March 13, 2024. He filed, pro se, a motion for compassionate release (ECF No. 97), which has been supplemented by counsel. (ECF Nos. 103; 104)[1]. The Government responded opposing release (ECF No. 106), and Mr. Jackson filed a reply (ECF No. 108). For the following reasons, the motions will be DENIED.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence.

---

[1] The motions to seal (ECF Nos. 102; 105; 107) will be granted. The personal medical information contained therein should remain private except as recited herein.

*Id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Judge Hollander recently described the next step of the analysis:

> Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.
>
> U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) Policy Statement." The text mirrors the statute. Application Note 1 of U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows (emphasis added):
>
>> 1. Extraordinary and Compelling Reasons.——Provided the defendant meets the

requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) **suffering from a serious physical or medical condition**,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that **substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility** and from which he or she is not expected to recover.

Other extraordinary and compelling reasons include the age of the defendant (Application Note 1(B)) and Family Circumstances (Application Note 1(C)). Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

> The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Guideline policy statement in U.S.S.G. § 1B1.13, along with the application notes, and BOP Program Statement 5050.50 define "extraordinary and compelling reasons" for compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons."
>
> On March 26, 2020, Attorney General William Barr issued a memorandum to Michael Carvajal, Director of the BOP, directing him to prioritize the use of home confinement for inmates at risk of complications from COVID-19. *See Hallinan v. Scarantino*, 20-HC-2088-FL, 2020 WL 3105094, at *8 (E.D.N.C. June 11, 2020). Then, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281. In relevant part, the CARES Act authorized the Director of BOP to extend the permissible length of home confinement, subject to a finding of an emergency by the Attorney General. *See* Pub. L. No. 116-136, § 12003(b)(2). The Attorney General issued a second memorandum to Carvajal on April 3, 2020, finding "the requisite emergency . . . ." *Hallinan*, 2020 WL 3105094, at *9. Notably, the April 3 memorandum "had the effect of expanding the [BOP]'s authority to grant home confinement to any inmate...." *Id.*
> The Department of Justice ("DOJ") has recognized the unique risks posed to inmates and BOP employees from COVID-19. The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the CDC should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction. *See also* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

*United States v. Kess*, No. 14-cr-480-ELH, 2020 WL 3268093, at *3–4 (D.Md. June 17, 2020) (footnote omitted).

The defendant argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" warranting a sentence

4

reduction. He recites that he has several medical conditions that, in aggregate, place him at risk of serious illness should he contract COVID-19, namely hypertension, hyperlipidemia, and obesity, and possible anemia or kidney disease. Moreover, he asserts that he is not a danger, and that the § 3553(a) factors warrant reduction of his sentence to time served.

The quantity of cocaine base attributed to Mr. Jackson was 201.9 grams, over a period of three months. He was determined to be a career offender but sentenced below the applicable guideline range. He argues that the prior offenses used to determine career offender status were minor and that he has already served the sentence the guidelines would have suggested absent the career offender determination.

He points out that he has completed rehabilitative programming when available, but his transfer to Manchester limits opportunities. He has family and community support and is 47 years old.

The Government responds that Mr. Jackson has not shown extraordinary and compelling reasons for release, that he remains a danger to the community, and that the §3553(a) factors weigh against release. It points to the facts established through his guilty plea, his entire criminal history (category V even without career offender treatment), his increasing involvement in drug distribution recognized at the time of sentencing, the fact that

5

he has served just over half of his sentence, and that he has incurred two disciplinary infractions, including fighting. The Government also reports that there are no reported cases of COVID-19 at FCI Manchester. It also disputes the seriousness of his medical conditions and argues that, even when considered in the aggregate, they do not constitute extraordinary and compelling reasons for release.

It is beyond peradventure today that a court is not limited in its evaluation of what constitutes "extraordinary and compelling reasons" for compassionate release, and that some medical conditions along with the COVID-19 health emergency justify consideration. In this case, as in many others, it is more efficient to assume that a person qualifies for consideration than to delve into medical situations without full expert assistance.

Even with a finding of "extraordinary and compelling reasons," however, the court must still consider the 18 U.S.C. § 3553(a) sentencing factors and determine that a sentence reduction would be consistent with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). Importantly, the court must determine whether Mr. Jackson would be a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g).[2]  The underlying criminal conduct along with the prison disciplinary record provides some evidence of Mr. Jackson's continued risk to the community; it is more aptly addressed to analysis of the 18 U.S.C. § 3553(a) factors.

The court next turns to those factors.  Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the following purposes: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2).  In making that determination, the court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1).

Even if Mr. Jackson qualifies for consideration, reduction to time served will not be granted.  The court took into consideration many of the same factors at the time of sentencing in determining

---

[2] As Judge Hollander noted, "Subsection (2) of U.S.S.G. § 1B1.13 establishes as a relevant factor that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'"  *Kess*, 2020 WL 3268093, at *3 n.2.

7

that the 132-month sentence was appropriate. The presence of COVID-19 in the community and the enhanced threat it presents to those confined in correctional facilities does not alter, ultimately, the equation. While Mr. Jackson has conducted himself in prison, in part, as we hope, he has not been entirely free of disciplinary misconduct. His criminal activity and escalating criminal history demonstrated the need for punishment, deterrence, and community protection. To suggest that the absence of violence in drug dealing negates danger is to ignore the real danger distribution of crack presents. Mr. Jackson remains in need of drug treatment, both in prison and once he is placed on supervised release, but the current situation does not mean that he should prematurely be returned to the community, even on home detention. His medical issues, while arguably qualifying for consideration, are not so extreme that immediate release is the only method to protect his health. In short, the court concludes that the factors were properly balanced at sentencing, and the defendant's medical conditions and the current public health crisis do not alter the assessment.[3] Release will be denied.

                                                     /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge

---

[3] Mr. Jackson's letter inquiring about his eligibility for early release or a sentence reduction (ECF No. 93), construed as motion to reduce sentence, will also be denied.